**TYCKO & ZAVAREEI LLP**
Annick M. Persinger
(State Bar No. 272996)
apersinger@tzlegal.com
Tanya Koshy
(State Bar No. 277095)
tkoshy@tzlegal.com
1970 Broadway, Ste 1070
Oakland, CA  94612
Telephone (510) 254-6808

**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
Jeff Ostrow
*(pro hac vice to be filed)*
ostrow@kolawyers.com
Jonathan Streisfeld
*(pro hac vice to be filed)*
stresifeld@kolawyers.com
One West Las Olas, Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100

**EDELSBERG LAW, PA**
Scott Edelsberg
*(pro hac vice to be filed)*
scott@edelsberglaw.com
Jordan D. Utanski
*(pro hac vice to be filed)*
utanski@edelsberglaw.com
19495 Biscayne Blvd. #607
Aventura, FL 33180
Telephone: (305) 975-3320

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis
*(pro hac vice to be filed)*
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 400
Miami, Florida 33132
Telephone: (305) 479-2299

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER I SPIELMAN, individually and on behalf of all others similarly situated, <br> Plaintiff, <br><br> v. <br><br> UNITED SERVICES AUTOMOBILE ASSOCIATION CASUALTY INSURANCE COMPANY (d/b/a USAA) <br> Defendant. | Case No.  2:19-cv-1359 <br><br> **CLASS ACTION COMPLAINT** <br><br><br> TRIAL BY JURY DEMANDED |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLASS ACTION COMPLAINT

Plaintiff Lester I. Spielman ("Spielman" or "Plaintiff"), individually and on behalf of all others similarly situated, files this Class Action Complaint against United Services Automobile Association Casualty Insurance Company ("USAA" or "Defendant"), and alleges:

## NATURE OF THE ACTION

1.      This is a class action lawsuit by Plaintiff Spielman, the named insured under a USAA automobile policy issued for private passenger auto physical damage coverage, including collision or physical damage other than collision, which requires payment of "Actual Cash Value" or "ACV" in the case of a total loss of the insured vehicle.  Plaintiff brings claims for breach of contract and declaratory relief.

2.      Defendant is among the leading providers of insurance to members of the United States military, veterans, and their families. The mutual insurance company serves some 12 million-member customers, primarily military personnel, military retirees, and their families. Its products and services include property/casualty and life insurance, banking, discount brokerage, investment management, and real estate development.

3.      Upon information and belief, Defendant systematically underpaid not just Plaintiff but tens of thousands of other putative class members for total loss vehicles insured with physical damage coverage, including collision or physical damage other than collision coverage, by failing to pay the full ACV of the insured total loss vehicles.

4.      This lawsuit is brought by Plaintiff individually and on behalf of all other similarly situated insureds who suffered damages due to Defendant's practice of refusing to pay full ACV payments or full total loss payment ("FTLP") to first-party total loss insureds on physical damage coverage, including collision or physical damage other than collision coverage. Specifically, as a matter of policy, Defendant fails to include sales tax and/or vehicle title transfer and vehicle registration fees ("Vehicle Title

and Registration Fees") in its calculation of ACV when paying FTLP to its insureds.

5.     Defendant's failure to pay FTLP to first-party total losses owed to its insureds and to condition payments on actions not required by the policy itself, such as purchase of a new vehicle, is a breach of the policy agreement and a clear breach of contract.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2)(A), because at least one member of the Class is a citizen of a different state than Defendant, there are more than 100 members of the Class, and upon information and belief the aggregate amount in controversy exceeds $5,000,000.00 exclusive of interest and costs.

7.     This Court has personal jurisdiction over Defendant because conducts business in this District and in the State of California.

8.     Venue is also proper in this Court because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.  The policy at issue was sold in the State of California, as well as throughout the country.

## PARTIES

9.     At all times material hereto, Plaintiff Lester I Spielman resided Valley Village, Los Angeles, California.

10.     At all times material hereto, Defendant is a Texas corporation licensed to do business in the State of California, whose headquarters and principal place of business is located in San Antonio, Texas.

## FACTUAL ALLEGATIONS

### A. USAA's Policy Requires the Payment of Actual Cash Value for Total Loss Vehicles

11.     Defendant's standardized automobile insurance policy ("Insurance Policy") includes language as to physical damage coverage, including collision or physical damage other than collision coverage, for ACV of total loss vehicles.

12.     The policy language applies to all covered autos irrespective of ownership interests – whether owned, financed or leased.

13.     Under the Insurance Policy and applicable state law, an insured is entitled to ACV for a total loss of a covered vehicle. Further, the Insurance Policy and applicable state law, ACV includes an obligation to pay sales tax and Vehicle Title and Registration Fees for total loss vehicle collision or physical damage other than collision coverage (full total loss payment or FTLP). Specifically, the policy defines "Actual Cash Value" for physical damage coverage as "the amount it would cost, at the time of loss, to buy a vehicle of the same make, model, body type, model year, and equipment, with substantially similar mileage and physical condition." *See* Exhibit A at 14.  The policy definition of ACV does not exclude: (1) sales taxes; or (2) Vehicle Title and Registration Fees from ACV. Rather, the only limitation on ACV is that it be the amount to buy a comparable vehicle at the time of the loss.[1]

14.     The policy definition also does not condition payments on actions not required by the policy itself. For example, the policy delineates that ACV is the "amount it *would* cost to purchase a new vehicle" and does not state that such payments are conditioned on the purchase of a new vehicle. *Id.* at 14 (emphasis added).

15.     The State of California requires the payment of taxes, and that cars be properly titled and registered and that cars have proper license plates (or tags).  Thus, the ACV of damaged or stolen vehicles—that is, the amount it would cost to purchase a new vehicle—includes Vehicle Title and Registration Fees.

16.     But, as demonstrated by Plaintiff's experience, Defendant does not include sales tax or Vehicle Title and Registration Fees when determining and paying the ACV to insureds.  Rather, contrary to its obligations to pay insureds the full amount of the total loss of an insured's vehicle, Defendant deducts sales tax from the ACV settlement amount and does not include Vehicle Title and Registration Fees.

---

[1] The Policy further provides that the only limitation of liability "for total losses" is the "actual cash value of your covered Auto." *Id.* at 15.

**A. Plaintiff's Experience**

17.     On or about October 7, 2017, the Insured Vehicle, a 2017 Genesis G80 RWD, was destroyed in a collision. In other words, Plaintiff's car was a "total loss" under the Insurance Policy, entitling him to a payment of the actual cash value of his Insured Vehicle. Plaintiff filed a claim total loss of the Insured Vehicle with Defendant (claim reference number 0045500123000000024001).

18.     Following the filing of Plaintiff's claim, Defendant determined that the ACV was $45,295.00—an amount that did not include sales tax or Vehicle Title or Registration Fees. While the Total Less Settlement includes $4,303.03 in sales taxes, Defendant performed a "Manager Adjustment" and declined to include that sales tax from the final Settlement Amount.

19.     Defendant also declined to include the Collision Deductible ($500) for a total Settlement Amount of $44,795.00.

20.     The ACV was calculated by an independent vehicle valuation company ("CCC One"), which bases vehicles valuations on the cost to purchase similar vehicles with similar conditions and mileage.

21.     CCC One created a Market Valuation Report, which did not include an amount for sales tax or Vehicle Title and Registration Fees. *See* Exhibit B.

22.     Defendant breached its Insurance Policy with Plaintiff by excluding sales tax and Vehicle Registration Fees when calculating and paying Plaintiff the ACV of his total loss.  Defendant's Insurance Policy expressly states that it will pay the cost to buy a comparable vehicle for a total loss. The cost to buy a comparable vehicle includes sales taxes, and Vehicle Title and Registration Fees. The Policy does not state that these sales taxes and Vehicle Title and Registration Fees will be paid only if Plaintiff meets certain conditions after the vehicle is determined a total loss.

23.     By not including amounts for sales tax and Vehicle Registration Fees in its calculation of ACV paid to insureds, as well as by, on information and belief,

conditioning future payment of these amounts on actions not required by the Insurance Policy, Defendant limits the amount it is required to pay insureds, including Plaintiff, in breach of Defendant's Insurance Policy.

24.     Plaintiff and all members of the putative class paid all premiums owed and otherwise satisfied all conditions precedent, or such conditions precedent were waived or excused.

## CLASS ALLEGATIONS

25.     Plaintiff brings this action on behalf of itself and a class of all others similarly situated.  This action is brought and is properly maintained as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

26.     Plaintiff seeks to represent a class ("Class") defined as follows:
All individuals and entities in California insured by Defendant and whose insurance covers a vehicle with private-passenger physical damage coverage, including collision or physical damage other than collision coverage, who made a first-party claim that was adjusted by Defendant as a total loss and who received an actual cash value payment from Defendant that did not include sales tax and/or Vehicle Title and Registration Fees.

27.     Excluded from the Class are Defendant, its subsidiaries and affiliates, its officers, directors and member of their immediate families and any entity in which Defendant has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families. Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or to add subclasses if necessary before this Court determines whether certification is appropriate.

## A. __Numerosity__

46.     Although the precise number of members for the Class are unknown to Plaintiff at this time and can only be determined through appropriate discovery, Plaintiff believes that because Defendant is a large, national insurer and writes hundreds of millions of dollars of private-passenger physical damage coverage policies, the Class affected by Defendant's unlawful practice consists of tens of thousands of insureds or

the lass is otherwise so numerous that joinder of all Class members is impractical. The unlawful practice alleged herein is a standardized and uniform practice, employed by Defendant pursuant to standardized Insurance Policy language, and results in the retention by Defendant of insurance benefits properly owed to Plaintiff and the Class members. The Class definition will permit the court to reasonably ascertain whether any individual or entity is a member of the class as any individual who is an insured of Defendant in the class period and received an ACV that did not include sales tax and Vehicle Title and Registration Fees will be a member of the Class.

47.     Upon information and belief, Defendant uniformly fails to pay sales tax and Vehicle Title and Registration Fees in total loss cases and/or conditions payment of such amounts on conditions not included in the Policy. Accordingly, the Class consists of many thousands, if not tens of thousands, of Defendant's insureds who were not paid in breach of their insurance policies. Thus, pursuant to Fed. R. Civ. P. 23(a)(1), the large size of the Class renders the Class so numerous that joinder of all individual members is impracticable.

**B. <u>Commonality</u>**

48.     Defendant's conduct towards the Class raises common questions of law and fact that predominate, as Defendant fails to unconditionally pay sales tax and Vehicle Title and Registration Fees in total loss cases.

49.     Plaintiff shares a common interest with all members of the putative Class in the objects of the action and the relief sought. Plaintiff satisfies Fed. R. Civ. P. 23(a)(2)'s commonality requirement because his claim arises from a practice which Defendant applies to all its similarly situated Class members and are based on the same legal theories as all other members of the putative class, that failing to pay sales tax and Vehicle Title and Registration Fees in total loss cases violates the insurance policies. Because Defendant's conduct was the same as to all Class members, the material elements of Plaintiff's claims and those of absent class members are subject to common proof, and the outcome of Plaintiff's individual actions will be dispositive for the Class.

The common questions include, but are not limited to, the following: (a) whether, under the Defendant's standardized policy language, Plaintiff and the Class members are owed ACV sales tax and Vehicle Title and Registration Fees upon the total loss of an insured vehicle; and (b) whether the Defendant has breached its insurance contracts with the Plaintiff and the Class members by failing to pay the full ACV, including sales tax Vehicle Title and Registration Fees, upon the total loss of an insured vehicle.

**C. Typicality**

50.   Pursuant to Fed. R. Civ. P. 23(a)(3), Plaintiff's claims are typical of the claims of all other members of the Class because all such claims arise from the Defendant's failure to pay sales tax and Vehicle Title and Registration Fees on total loss claims of insured vehicles.

51.   Plaintiff's and Class members' legal claims arise from the same core practices, namely, the failure to pay full ACV, including sales tax and Vehicle Title and Registration Fees, for first-party total loss claims. The material facts underlying the claims of each putative class member are the same material facts as those supporting the Plaintiff's claim alleged herein and require proof of the same material facts.

**D. Adequacy**

52.   Plaintiff can and will adequately represent the putative class and its interests are common to, and coincident with, those of all absent class members. By proving its individual claims, Plaintiff will necessarily prove the claims of the Class and prove Defendant's liability to the Class. Plaintiff has no known conflicts of interest with any members of the Class; its interests and claims are not antagonistic to those of any other Class members; nor are its claims subject to any unique defenses.

53.   The representative Plaintiff therefore can and will fairly and adequately protect and represent the interests of the Class under the criteria set forth in Fed. R. Civ. P. 23(a)(4).

54.   Plaintiff's counsel has extensive experience in complex commercial

litigation, class actions, and have adequate financial resources to ensure that the interests of the Class will not be harmed.

55.     If appointed class representative, Plaintiff is aware of, and is committed to, faithfully uphold its fiduciary duties to absent class members. Plaintiff and its counsel are committed to the vigorous prosecution of this action and will allocate the appropriate time and resources to ensure that the class is fairly represented.

56.     Plaintiff and its counsel will therefore fairly and adequately assert and protect the interest of the Class.

**E.  Predominance and Superiority**

57.     A class action provides a fair and efficient method for the adjudication of this controversy under the criteria set forth in Fed. R. Civ. P. 23(b)(3). Class treatment is a superior form of adjudication than the prosecution of individual claims and provides a substantial benefit to the court and litigants by avoiding a multiplicity of suits, and the risk of inconsistent results.

58.     Because Defendant's conduct was uniform with respect to all prospective Class members, common questions of law and fact predominate over individual questions.

59.     Because the Class encompasses tens of thousands of claims, a single, national class action is plainly more efficient than many thousands of individual law suits, each requiring the same discovery and proofs. Given the relatively small amount of the claim(s) of each putative Class member, it is likely that absent class representation, such claims would not be brought, and the Class would never have appropriate redress for Defendant's improper conduct. A class action is superior and more efficient to other available methods for the fair and efficient adjudication of this controversy.

60.     Class treatment ensures uniformity and consistency in results, enables the many small claims of Class members as well as claims for class-wide declaratory relief to

be brought efficiently, and will provide optimum relief to Class members for their past and future injuries, as well as deter Defendant and other similar businesses from engaging in such wrongful conduct in the future.

61.     In addition, the expense and burden of individual litigation effectively makes it a practical impossibility for individual Class members to seek redress for the wrongs alleged herein.

62.     The advantages of maintaining this action as a class suit far outweigh the expense and waste of judicial effort that would result from thousands of separate adjudications or the unfairness of none at all, which is the likely outcome if the small individual claims at issue are not aggregated as a class.

63.     There are also no unusual difficulties likely to be encountered in the maintenance of this action as a class suit, and this Court can effectively manage the class action.

64.     The Class is not so large that it would be unmanageable, and no difficulties are foreseen providing notice to individual claimants because Defendant keeps records of insurance policies and claims of prospective Class members during the class period, including records of total loss vehicles. Therefore, both the membership of the Class and the amount of individual damages is readily ascertainable from Defendant's records.

**F.   <u>Declaratory Relief Under Wis. Stat. Fed. R. Civ. 23(b)(2)</u>**

65.     Pursuant to Fed. R. Civ. 23(b)(2), class treatment is warranted because Defendant has acted or refused to act on grounds generally applicable to all the members of the Class, thereby making final declaratory relief concerning the Class as a whole appropriate.

66.     Because declaratory relief is sought, class treatment ensures uniformity and consistency in results, enables the many small claims of Class members as well as claims for class-wide declaratory relief to be brought efficiently, and will provide optimum relief to class members for their past and future injuries, as well as deter Defendant and

other similar businesses from engaging in such wrongful conduct in the future.

67.     Because Defendant has acted consistently towards all members of the Class, declaratory relief is appropriate with respect to both the Class and Plaintiff's claims and is likewise subject to common proof and adjudication.

68.     Based on the foregoing, class treatment is the most fair and efficient form of adjudication for this matter.

69.     Plaintiff has retained the undersigned counsel and has agreed to pay reasonable attorney's fees and costs.  Plaintiff for itself and the putative Class is entitled to recovery attorney's fees and costs.

## COUNT I
## CLAIM FOR BREACH OF CONTRACT

70.     The allegations contained in the foregoing paragraphs are incorporated by reference.

71.     This count is brought by Plaintiff on behalf of itself and on behalf of the Class.

72.     Plaintiff was party to a contract, the Insurance Policy, with Defendant as described herein.  *See* Exhibit A.  All Class members were parties to an Insurance Policy with Defendant containing materially identical terms.

73.     Plaintiff and all Class members made claims determined by Defendant to be total losses under the Insurance Policy and determined by Defendant to be covered claims.

74.     Defendant, in paying the total loss claim, determined that Plaintiff and each Class member complied with the terms of their insurance contracts, and fulfilled all duties and conditions under the Insurance Policy necessary to be paid on the total loss.

75.     Pursuant to Defendant's Insurance Policy, upon the total loss of Plaintiff's and the Class's insured vehicles, the Plaintiff and every Class member were owed the ACV, including the unconditional payment of sales tax and Vehicle Title and Registration Fees.

76.     Defendant refused to make a FTLP and thus failed to pay the vehicle's ACV in breach of the Insurance Policy.

77.     Defendant's failure to provide the promised coverage, including payment of sales tax and Vehicle Title and Registration Fees, as well as on conditioning payment of these fees on actions not required by the policy constitutes a material breach of contract.

78.     As a result, Plaintiff and the Class members are entitled to the full ACV payment, including sales tax and Vehicle Title and Registration Fees without proof of purchase of new vehicle and without reducing the sales tax based on any condition after the Insured Vehicle is found to be a total loss, as well as prejudgment and post-judgment interest and other relief as is appropriate.

## COUNT II
## DECLARATORY RELIEF

79.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

80.     This count seeks declaratory relief pursuant to 28 U.S.C. §§2201-2202.

81.     This count is brought by Plaintiff on behalf of itself and all members of the Class.

82.     Plaintiff was party to a contract, the Insurance Policy, with Defendant as described herein.  *See* Exhibit A.  All Class members were parties to an Insurance Policy contract with Defendant containing materially identical terms.

83.     Plaintiff seeks a declaratory judgment that an insured is unconditionally entitled to sales tax and Vehicle Title and Registration Fees in a FTLP to pay a vehicle's ACV under the insurance policies that govern Plaintiff's and the Class members' contractual relationships with Defendant.

84.     Plaintiff contends Defendant is unconditionally required to pay sales tax and Vehicle Title and Registration Fees in a FTLP to pay a vehicle's ACV under the insurance policies that govern Plaintiff and the Class members' relationship with

Defendant.

85.     Defendant disagrees with Plaintiff's interpretation of the Insurance Policy.

86.     Because of Defendant's claim to the contrary, Plaintiff and the Class are in doubt as to their rights under the Insurance Policy.

87.     The above allegations present ascertained or ascertainable facts of a present controversy between Plaintiff and Defendant as to unconditional entitlement to the sales tax and Vehicle Title and Registration Fees.

88.     The above allegations reflect that Plaintiff has presented a justiciable question as to the existence of her right to the sales tax and Vehicle Title and Registration Fees.

89.     All antagonistic and adverse interests, namely Plaintiff and Defendant and the Class when certified, are before this Court by the filing of this count.

90.     Pursuant to 28 U.S.C. § 2201, Plaintiff and the Class are entitled to a declaration of its right to the sales tax and Vehicle Title and Registration Fees to resolve its doubt about its rights under the Insurance Policy considering the Defendant's position otherwise.

91.     Upon the Court granting Plaintiff the declaratory relief requested herein, Plaintiff will seek supplemental relief pursuant to 28 U.S.C. § 2202 in the form of an order directing that the sales tax and Vehicle Title and Registration Fees be paid to Plaintiff and the Class, an award of attorney's fees incurred in establishing coverage under the Insurance Policy, and prejudgment interest and post-judgment interest, as the sales tax and Vehicle Title and Registration Fees represents liquidated amounts.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff, individually and on behalf of the Class, demands relief and judgment as follows:

1.     For an Order certifying this action as a Class Action on behalf of the Class described above;

2.     For an award of compensatory damages for the Class in amounts owed by

Defendant;

3.     For declaratory relief to be entered for Plaintiff and the Class that its interpretation of the Insurance Policy is correct, thereby requiring Defendant to unconditionally pay sales tax and Vehicle Title and Registration Fees;

4.     For all other damages according to proof;

5.     For an award of attorney's fees and expenses as appropriate pursuant to applicable law;

6.     For costs of suit incurred herein;

7.     For pre and post judgment interests on any amounts awarded;

8.     For other and further forms of relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Dated February 22, 2019                          Respectfully submitted,

                                                 /s/ *Annick M. Persinger*
                                                 Annick M. Persinger (SBN 272996)
                                                 apersinger@tzlegal.com
                                                 Tanya S. Koshy (SBN 277095)
                                                 tkoshy@tzlegal.com
                                                 **TYCKO & ZAVAREEI LLP**
                                                 1970 Broadway, Suite 1070
                                                 Oakland, CA  94612
                                                 Telephone: (510) 254-6808

                                                 **KOPELOWITZ OSTROW
                                                 FERGUSON WEISELBERG
                                                 GILBERT**
                                                 *Jeff Ostrow (pro hac vice to be filed)*
                                                 Florida Bar No. 121452
                                                 ostrow@kolawyers.com
                                                 *Jonathan Streisfeld (pro hac vice to be filed)*
                                                 Florida Bar No. 117447
                                                 stresifeld@kolawyers.com
                                                 One West Las Olas, Suite 500

1
2

Fort Lauderdale, FL 33301
Telephone: (954) 525-4100

3

**EDELSBERG LAW, PA**

4

Scott Edelsberg *(pro hac vice to be filed)*
scott@edelsberglaw.com

5

Jordan D. Utanski *(pro hac vice to be filed)*
utanski@edelsberglaw.com

6

19495 Biscayne Blvd. #607

7

Aventura, FL 33180
Telephone: (305) 975-3320

8
9

**SHAMIS & GENTILE, P.A.**

Andrew J. Shamis *(pro hac vice to be filed)*

10

ashamis@shamisgentile.com

11

14 NE 1st Avenue, Suite 400

Miami, Florida 33132

12

Telephone: (305) 479-2299

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT

14